UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUSSELL A. WOOD,

       Plaintiff,

v.                            CASE NO.  8:10-CV-2373-T-17AEP

MICHAEL A. ASTRUE,
Commissioner of United States
Social Security Administration,

       Defendant.

_____/


ORDER

This cause is before the Court on:


Dkt. 23    Report and Recommendation
Dkt. 24    Objections
Dkt. 25    Response to Objections

In this case, Plaintiff Russell A. Wood seeks judicial review of the denial of

Plaintiff's claims for a period of disability, disability insurance benefits, and supplemental

security income benefits.  The assigned Magistrate Judge has entered a Report and

Recommendation in which it is recommended that the decision to deny benefits be

affirmed, because the decision of the Commissioner of Social Security is supported by

substantial evidence and does not contain any reversible error.


The Court has independently reviewed the pleadings and the record.


Plaintiff Wood has filed Plaintiff's Objections to the Report and Recommendation,

in which Plaintiff Wood asserts that the Magistrate Judge erred in allowing the

Administrative Law Judge ("ALJ") to ignore the unanimous medical opinion that Plaintiff

Case No. 8:10-CV-2373-T-17AEP

suffers from a severe non-alcohol-related mental impairment, an affective disorder, or an affective disorder and a personality disorder, and further erred in finding any error to be harmless.

Defendant Michael A. Astrue, Commissioner of Social Security, has filed Defendant's Response to Plaintiff's Objections.  As to the opinion of Dr. Butler, Defendant argues that in February, 2009,  Dr. Butler continued to diagnose alcohol abuse, along with Dr. Butler's diagnosis of bipolar affective disorder, depressive type. As to the finding of Dr. Trimmer, Defendant argues that Plaintiff's contention that Dr. Trimmer's opinion that Plaintiff's difficulties relating to and interacting appropriately with others due to rage problems are unrelated to alcohol abuse is conjectural.  Defendant argues that Dr. Trimmer concluded that "Plaintiff may benefit from substance abuse treatment" and Plaintiff admitted to continuing to use 3 to 5 or more alcoholic drinks 1 to 2 times a week.

I.  Standard of Review

The Court reviews de novo the portions of a Report and Recommendation, or specified proposed findings or recommendations, to which objections are asserted.  See 28 U.S.C. Sec. 636(1)(c).   The Court reviews legal conclusions de novo, even in the absence of an objection.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).   After a careful and complete review of the findings and recommendations, the Court may accept, reject or modify the Report and Recommendation of the Magistrate Judge,  may receive further evidence, or may recommit the matter to the Magistrate Judge with instructions.

II.  Discussion

The scope of review is limited to determining whether the findings of the

2

Case No. 8:10-CV-2373-T-17AEP

Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. Sec. 405(g);  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002); McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988).


Where an incorrect application of the regulations results in harmless error because the correct application would not contradict ALJ's ultimate findings, the ALJ' decision will stand.  Caldwell v. Barnhart, 261 Fed. Appx. 188, 190 (11th Cir. 2008).


A.  The Report and Recommendation


In the Report and Recommendation, the assigned Magistrate Judge considered Plaintiff's challenges to the decision of the Administrative Law Judge, including: 1) the ALJ erred in not discussing or considering the medical opinions of the treating psychiatrist, the examining psychologist, and the non-examining physicians; and 2) the ALJ erred in not finding Plaintiff's affective disorder, unspecified personality disorder, and physical impairments to be severe.  The assigned Magistrate Judge found that neither challenge warranted reversal.   The Magistrate Judge explained that Social Security regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion.  The opinions of examining physicians are given more weight than those of nonexamining physicians, the opinions of treating physicians are given more weight than nontreating physicians, and specialists on issues within their areas of expertise receive more weight than nonspecialists.   The ALJ accords substantial weight to the opinion of treating physicians unless good cause is shown to the contrary, such as where the opinion is not bolstered by the evidence, where the evidence supports a contrary finding, or the treating physician's opinion is conclusory or inconsistent with his/her own medical record.   Where an ALJ does not accord a treating physician's opinion controlling weight, the ALJ considers: 1) the length, nature and extent of the treating relationship; 2) the frequency of examination; 3) whether the opinion is supported by objective

3

Case No. 8:10-CV-2373-T-17AEP

findings; 4) whether the opinion is consistent with the record as a whole; and 5) the specialization of the doctor.   The ALJ should state with particularity the weight given to different medical opinions, and the reasons for that decision.  (Dkt. 23, p. 8).

In the Report and Recommendation, the assigned Magistrate Judge discussed the opinions of the following physicians, and the ALJ's consideration of the opinions: Dr. Butler, Dr. Trimmer, Dr. Levasseur, Dr. Putney, Dr. Andriole.  The assigned Magistrate Judge also considered the ALJ's finding regarding severe impairments.

1.  Dr. Butler

Dr. Butler evaluated Plaintiff when Plaintiff was admitted to Personal Enrichment Mental Health Services ("PEMHS") in November, 2007 and in February, 2009.

The assigned Magistrate Judge found that Dr. Butler was not a treating psychiatrist, pursuant to 20 C.F.R. Secs. 404.1502, 416.902.  The opinion of the ALJ does not specifically state the weight given to Dr.  Butler's diagnoses, but the opinion does make it clear that the ALJ gave little weight to Dr. Butler's opinion.   Dr. Butler did not assess any work-related limitations, and therefore Dr. Butler's opinion does not contradict the ALJ's Residual Functional Capacity ("RFC")  finding.  Dr. Butler's diagnosis alone does not establish functional limitations.

2.  Dr. Trimmer

Dr. Trimmer was an examining psychologist who evaluated Plaintiff in January, 2008.   The ALJ found that Dr. Trimmer's conclusions appeared inconsistent with the medical evidence in its entirety, in particular the conclusion that Plaintiff would be unable to attend regularly to a routine, maintain a schedule, or use proper judgment. Dr. Trimmer diagnosed a Mood Disorder NOS, but Dr. Trimmer's diagnosis alone does not establish functional limitations.  The ALJ found that the record contained evidence

4

Case No. 8:10-CV-2373-T-17AEP

that Plaintiff's problems sustaining employment were due to Plaintiff's ethanol addiction and abuse, and did not result from a medically determinable impairment.

3.  Dr. Levasseur

Dr. Levasseur was a non-examining psychologist who offered his opinions regarding the nature and severity of Plaintiff's mental impairments.   Dr. Levasseur found that Plaintiff had a Mood Disorder NOS and a substance addiction disorder.   Dr. Levasseur performed a functional capacity assessment.  Dr. Levasseur found that Plaintiff was able to understand and follow simple instructions, able to make basic work decisions, able to adapt adequately to work environments, and had moderate difficulties in maintaining social functioning, concentration, persistence and pace, which limited Plaintiff's ability to complete complex tasks.

The ALJ found Dr. Levasseur's opinion "somewhat persuasive."   Based on Plaintiff's testimony of subjective complaints of pain and limitation, the ALJ adjusted the degree of restrictions to conform with Plaintiff's testimony, giving Plaintiff the benefit of the doubt.   Dr. Levasseur's opinion was not consistent with Plaintiff's own testimony. The ALJ noted Plaintiff's own testimony that Plaintiff had no significant problems when he is sober and all Plaintiff's "troubles" were due to alcohol abuse.

The ALJ's RFC accounted for Dr. Levasseur's opinion that Plaintiff needed work environments of low social demands.  All of the jobs identified by the Vocational Expert ("VE")  were of unskilled work; even if the ALJ accepted a limitation on Plaintiff's ability to complete complex tasks, this limitation would not change the VE's testimony or the ALJ's decision.

Case No. 8:10-CV-2373-T-17AEP

4.  Dr. Putney

Dr. Putney evaluated Plaintiff in June, 2008.    In Dr. Putney's opinion, Plaintiff had depression in the context of alcohol dependence and substance addiction disorder. Dr. Putney found no restrictions in the activities of daily living, moderate difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation.  Dr. Putney found that Plaintiff had a moderate decrease in social functioning, but was able to understand and remember work procedures and instructions, be cooperative and appropriate, make work decisions, adapt to a work setting with limited interpersonal responsibility, and perform moderately complex mental tasks when sober.  Dr. Putney concluded that Plaintiff had no work-related mental impairment.

The ALJ found Dr. Putney's assessment "somewhat persuasive."  The ALJ adjusted the recommended restrictions to conform with Plaintiff's testimony and subjective symptoms.  The ALJ's RFC reflects Dr. Putney's assessment, including the moderate limitation in social functioning.   The ALJ's opinion shows the weight accorded to Dr. Putney's opinion and the reason for accepting some recommended restrictions over others, such as consistency with Plaintiff's testimony, subjective complaints, and the medical evidence of record.

5.  Dr. Andriole

Dr. Andriole is a non-examining state agency consultant.   Dr. Andriole diagnosed Plaintiff with "poly arthralgia back neck ankle" and "headaches."   In Dr. Andriole's opinion, Plaintiff's symptoms were "partially credible and attributable to a medical determinable impairment that will result in some limitation of residual function."

Case No. 8:10-CV-2373-T-17AEP

The ALJ found that Plaintiff's ability to work was not affected by any physical diagnosis, relying on Dr. Andriole's medical opinions in Exhibits 11F and 12F.   The ALJ considered Dr. Andriole's opinion, but concluded that it did not affect his finding as to Plaintiff's functional limitations or his ultimate decision.   The ALJ noted that "the medical evidence of record is devoid of any medical evidence that would support a conclusion of a medically determinable physical impairment at a level of severity that could reasonably preclude Plaintiff from engaging in sustained work activity."

The record includes Plaintiff's testimony that Plaintiff suffers from constant pain. In the Eleventh Circuit, a claimant who alleges disability based on subjective complaints of pain must show evidence of an underlying medical condition, and: 1) objective medical evidence that confirms the severity of the alleged pain arising from that condition; or 2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.   After considering the medical evidence and Plaintiff's testimony, the ALJ found that Plaintiff exaggerated his symptoms and restrictions, which were not supported by the medical signs and laboratory findings to the level of disability alleged.

In the Report and Recommendation, the Magistrate Judge explained that any error in the ALJ's determination at Step Two  was harmless.   At Step Two of the five-step sequential evaluation, the ALJ is required only to determine whether there is any severe impairment before proceeding with the next step in the sequential evaluation. An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities.  A finding of severe impairment is enough to satisfy the requirements of Step Two.  Lawson v. Astrue, 2009 WL 3617794, at *6 (M.D. Fla. 11/2/2009).

At Step Four of the sequential evaluation, the ALJ determines whether the claimant has the Residual Functional Capacity to perform the requirements of the claimant's past relevant work.   Under Social Security Ruling 96-8p, in assessing RFC,

Case No. 8:10-CV-2373-T-17AEP

the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe."   When the ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, the ALJ's failure to find additional severe impairments at Step Two does not constitute reversible error.  McConnell v. Astrue,, 2009 WL 4405477 at *3 (N.D. Fla. 12/2/2009).

In this case, at Step Two, the ALJ found that Plaintiff had a severe impairment, substance dependence within the context of ethanol dependence.   The Court notes that the diagnoses alone of Dr. Butler and Dr. Trimmer as to additional impairments do not establish that the alleged impairments are severe.

The ALJ determined that Plaintiff did not establish the presence of a severe physical impairment due to the absence of objective medical evidence, such as medical signs and laboratory findings.

B.  Plaintiff's Objections:  Unanimous Medical Opinion That Plaintiff Suffers From Severe Non-Alcohol-Related Mental Impairment (Affective Disorder, Personality Disorder), and Errors Not Harmless

As set forth above, where the ALJ does not expressly state the weight the ALJ accorded to the opinions of the physicians who evaluated Plaintiff, the ALJ's decision is sufficiently detailed to indirectly indicate the weight given to the medical opinions, and the reasons for accepting or rejecting the medical opinions.

Because the ALJ took into consideration all of Plaintiff's alleged impairments in assessing Plaintiff's RFC at Step Four, any error in not including Plaintiff's alleged affective disorder and/or personality disorder at Step Two of the sequential evaluation was harmless.

Case No. 8:10-CV-2373-T-17AEP

After consideration, the Court **overrules** Plaintiff's Objections.  The Court **adopts and incorporates** the Report and Recommendation.  Accordingly, it is

**ORDERED** that Plaintiff's Objections are **overruled**, and the Report and Recommendation is **adopted and incorporated**.  The Court **affirms** the decision of the Commissioner denying Plaintiff's claims.  The Clerk of Court shall enter a final judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security and against Plaintiff Russell A. Wood, and close this case.

**DONE and ORDERED** in Chambers in Tampa, Florida on this _13th_ day of March, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record